Good morning, Counsel. Good morning, Your Honors. May I begin? Yes, please. May it please the Court, Lissette Pino on behalf of Mr. Aguilera, I would like to reserve three minutes for a rebuttal. Counsel, please be reminded that the time shown on your clock is your total time remaining. Yes, Your Honor. Thank you. The District Court committed legal error when it denied Mr. Aguilera the acceptance of responsibility adjustment on the basis that he had filed a motion to suppress. I'd like to start there because this case perfectly illustrates a recurring issue we're seeing in this district. After a motion to suppress is denied, the U.S. Attorney's Office has started arbitrarily refusing some defendants the consent required for a conditional plea. That leaves defendants with a Hobson's choice. If a defendant pleads guilty, of course he waives the right to appeal the denial of the suppression issue. If he doesn't and goes to trial, in the event that he's responsibility. Both the guidelines and 30 years of this court's precedent say the government is wrong. A defendant who goes to trial to preserve a legal issue, including the denial of the motion to suppress, is not disqualified from receiving the adjustment. On the contrary, as this court said in advance, a defendant's exercise of his constitutional rights has nothing to do with the question of whether he's accepted responsibility for his conduct. Counsel, even if we agree with you that there was error in denying the reduction, was any error harmless? No, Your Honor. Why not? So in Melina Martinez, the Supreme Court was very clear that remand is generally required after guidelines error, even if the defendant's ultimate sentence actually does fall within the correct range, which is the case here. So the parties in this case were always talking about whether a variance would be required. The original guidelines range was 51 to 63 months. Probation had recommended a 40-month sentence, so an 11-month variance. Here the district court ultimately granted a six-month variance because it thought that Mr. Aguilera's conduct, firing three times into the air, was too harshly punished by the guidelines range. So if the guidelines range had been lower at the 41 to 51-month mark that we argue should apply, there is a possibility that the district court would have granted a variance even from that lower number. Counsel, the guideline seems to say that it should be a rare situation where the defendant gets acceptance of responsibility even though he exercises his constitutional right to a trial. Why is this one of those rare circumstances? Because this is not a case where Mr. Aguilera was challenging his factual guilt at trial in any way, which is rare. So if you think about Ochoa-Gaetan, for instance, or McKinney, both of those are cases where the defendant filed a motion to suppress, which was denied, and then went to trial. And in both of those cases, this Court found the defendant was entitled to the adjustment because he did not contest his guilt at trial. He did not put on an affirmative defense. He did not put on witnesses. Here, Mr. Aguilera did not even cross-examine the government's witnesses. He stipulated to two out of the four elements of this offense. He really went to the other two that he didn't stipulate to. So he could not stipulate to actual possession because that would have waived the denial of the suppression motion. This Court's opinion in Larson is very clear about that. As to the knowledge element, he stipulated to the fact that there was a plea colloquy in which he was advised that he could not own a firearm because he had a felony conviction, and in which he responded yes. So the government was still put to the proof of those elements, correct? Yes, and that was also the case in McKinney and Ochoa-Gaetan. And I think Ochoa-Gaetan in footnote five makes a great point, which is that there is a difference between a defendant falsely contesting factual guilt and putting the government to its burden of proof, which, of course, the defendant has a constitutional right to do and which the guidelines accordingly cannot penalize. Counsel, where in the record can we look to see where the defendant expressed contrition? In several places, Your Honor. But actually, before I get there, I want to be clear. This Court does not need to find, as a matter of fact, that Mr. Aguilera showed contrition. This Court can reverse, because the district court committed a legal error, and remand for the district court to make that determination in the first instance, which is what this Court did in Ochoa-Gaetan. It's also what this Court did in Luong, the Luong case. That said, there is affirmative evidence of exception. Oh, but Cortez says if the defendant manifested appropriate contrition, exercise of his constitutionally protected rights cannot be held against him. And the converse would also be true. If he didn't manifest appropriate contrition, then it wouldn't be an error. I don't agree, Your Honor. I mean, you don't agree with the ruling? No, Your Honor. Cortez says that, correct? I am not remembering that quote in Cortez off the top of my head, but what I'm thinking of is a quote in Vance, which says quite clearly, our established proposition that taking advantage of a constitutional right, in that case the motion to suppress, just like here, cannot be weighed against the defendant is no mere verb of formula. It means the motion to suppress is not evidence. That fact has no probative value for the acceptance of responsibility calculus. I think Ochoa-Gaetan applied that rule as well. I think McKinney applied that rule as well. So I don't think it's right to say that defendant's exercise of his constitutional rights can be considered against him. But here, there is evidence of acceptance, affirmatively, to answer Your Honor's original question. So Mr. Aguilera said that he was not contesting factual guilt four days after the motion to suppress was denied, immediately at the next- But that's different than expressing contrition for the acts that he committed, correct? So, Your Honor, the way this court has defined contrition in the case law, it's not literally, it doesn't have to be literally saying someone is sorry. McKinney and Vance both talk about looking at the objective evidence as shown through the defendant's pretrial behavior. So, offering to enter into a conditional guilty plea, entering into a stipulated bench trial, waiving the right to a jury trial, Gambino-Reese talks about that, all of that is evidence of acceptance of responsibility. And so here what we see is- But I was asking you who are in the record can we look for evidence of contrition? So that's the evidence of contrition that you would offer to us? Well, Your Honor, I have plenty more. So, Mr. Aguilera, in addition to waiving his right to a jury trial, in addition to unconditionally stipulating to any testimony the government wished to introduce, in addition to stipulating to two elements of the offense, which he was not required to do, he cooperated with probation during the pre-sentence interview, probation put that in the PSR, and he also submitted a statement taking full responsibility for his behavior. And at trial he was very clear that he was not contesting guilt, counsel made no opening or closing remarks, and put on no witnesses, did not cross-examine any witnesses. I see that I'm running out of time. All right, you want to save the balance of your time for rebuttal? Yes. Thank you, Your Honor. May it please the court, Elizabeth Berenger for the United States. The district court did not clearly err in finding that the defendant had not met his burden to show that he clearly demonstrated acceptance of responsibility. And the whole ruling is this court just has to find whether the district court made his decision without foundation. And there was foundation for the district court's decision here if the defendant did not manifest acceptance of responsibility. Acceptance of responsibility is in the doing and the saying. And if we look here under this court's precedent, what kind of doing and saying are we talking about? We look at McKinney, which is the rare case where a defendant who goes to trial demonstrates acceptance of responsibility. The defendant here did not confess. He did not cooperate, which are factors in the policy application note. Mr. Berenger, can you speak to it? It seemed as if the district court was relying on an impermissible factor that he went to trial to preserve an issue that he had raised in the motion to suppress. I disagree with that, Your Honor. And my reading of this is very different from defense counsel. When I look at the entire ruling, it seems to be the court was relying on two factors. One, the defendant didn't express contrition. And I'm going to point the court to 2ER69 and 2ER80. In both cases on 2ER69, the defense counsel says at every stage of this proceeding, this defendant demonstrated acceptance of responsibility. And the court says, no, he didn't. And if we go on 2ER80, the court says, I just don't see contrition here. I don't see contrition. And the court did comment on specifically in reference to defense counsel's arguments that he did. But the court also says, you know, looking at 2ER69, he was making, the court was making a distinction between a conditional plea of guilt and picking and choosing the things he wanted to challenge. And the court was raising the fact that he was contesting certain things from the motion to suppress as a basis for saying there's no acceptance. Doesn't that squarely fall within the Vance case, where that is the issue being preserved for appeal? Well, one, in Vance, Vance pleaded guilty. So there was manifestation of contrition in that case, a very significant significance. And the offer was made here, which the government did not do. Well, the offer was illusory, as the court found. It was sort of a conditional acceptance of responsibility, as the court found. This court has held that just offering to plead guilty under a conditional plea does not entitle a defendant to acceptance of responsibility. That is in the Nielsen case. This court has already decided that. So the court was well within its discretion to decide that a conditional, an offer to conditionally plead guilty is not entitle a defendant. And there's evidence that it was a little bit of bluster. Let me ask this. What should the defendant have done here? So the government is under no obligation to accept a conditional plea of guilty. But you would agree that going to trial to preserve appellate rights is permissible. It can't be held against them. Absolutely. Absolutely. But it also means that there's... And so he didn't stipulate to all the facts, because under Larson, that would have basically mooted his appeal. So what did he fail to do that would have otherwise established acceptance of responsibility? Well, I want to push back on the Larson point for a second. Yes, Larson. If he had admitted possession, he perhaps could have mooted his appeal. But that doesn't mean that he couldn't have accepted responsibility after trial. He had an opportunity to speak to the probation officer to admit responsibility there. Under this Court's decision in Green, he could have taken responsibility at sentencing, and none of those would have affected the actual trial. He's not limited by trial to accept responsibility. In none of these cases do they say the acceptance of responsibility has to come at a specific moment in time. And could those, I guess, hypothetical acts have harmed his appeal rights if he was appealing the motion to suppress? I've never seen how a statement to a probation officer that's not a sworn statement, accepting responsibility for a crime, could have impacted. Larson's not an acceptance of responsibility case. So where did the district court mention that his statements to the probation officer indicated not accepting responsibility? So it mentioned that there was no affirmative evidence of contrition. And that would have been one way under this Court's case law to have demonstrated contrition. It didn't mean there's an absence of evidence. What about the back and forth with defense counsel about the note to the sentencing guidelines that seemed to surprise the Court that that was even in there, that it was acceptable to be able to file a motion to suppress and still bring issues to trial in order to preserve an appeal right? Well, that was at the beginning of the hearing, and I would note that the government read the application note to the Court later in the hearing, so the Court was well aware. I also want to direct the Court's attention to the December 2024 hearing, which is where the Court says, I believe it's 322 in the record, where defense counsel first proposes, hey, this is our plan. We're not contesting guilt here. We're going to stipulate to anything that the government wants. We're doing the stipulated testimony agreement with the government. And the Court says, well, I don't know if that's going to be acceptance of responsibility. It may be acceptance of responsibility. It may not be. We're going to have to decide that at sentencing. So not only is the Court's not, is open to the idea that that could be acceptance of responsibility, but he's also putting the defense counsel and the defendant on notice that perhaps the standard hasn't been met, that perhaps there is no contrition, that this isn't a case like McKinney where there was cooperation, there was a statement. The defendant, when he was on that sidewalk, could have raised his hands. He ran. He hid behind a gate. He didn't cooperate with police. He didn't make a statement. He pleaded not guilty, unlike Vance that we're talking about. So none of these markers that the district court, that this Court has found demonstrates acceptance of responsibility are in this case. And if this Court finds that this defendant was entitled to acceptance of responsibility under these facts, very weak issues, foreclosed issues that he's raising. Ms. Berenger, by the way, it's good to see you again. Yes, Your Honor. As far as the district court's application of the standard, where in the record is the best indication that the district court did, in fact, know what the standard was and applied it? There's a lot of questions and a lot of back and forth, but is there some place in the record where it's clear that the district court's acknowledged that acceptance of responsibility could be granted under these circumstances? The best example I have, and the record's not precise, these are oral comments from a district court judge at sentencing. This is not a written order, but I think that we can see from 2 E.R. 80 where he says, I just don't see the contrition. I just don't see it. That alone should be enough. He's looking at the entire record. This is a judge that remarked that he had been on the case longer than any of the  He had seen the defendant. He was very familiar with the case from its inception. And so he is seeing the entire record. If he just doesn't see the contrition, the defense counsel's been unpointed to it other than these illusory markers that have been pointed to an offer to enter a conditional plea and these sort of factual stipulations, which I point the court to in Gambino-Ruiz, the 2024 decision. Factual stipulations are not dispositive. They're not necessarily entitled a defendant to acceptance of responsibility. The counsel, did this defendant refuse to show up for his first trial? He did. And did he decline to make an allocution at sentencing? He did. He did, Your Honor. And those are all factors that would have demonstrated acceptance of responsibility. If we look to this case where there's- Do we know why he didn't show up at trial? I'm trying to remember what- We don't know. The defense counsel hadn't even talked to him. He said that he, I think it was at that point that counsel had shifted, that she had heard he was sick. But I mean, I'm a little sick today. I got on the Muni. I didn't refuse transport to a hearing today. I mean, we, the court made a finding that he refused transport on the day of his first hearing. After, and it's also combined with the fact that the government was operating under an understanding that the defendant was going to be stipulating, was surprised and taken aback that what they'd said at the December 2024 hearing, that they would agree to anything the government want. And then two elements the government had to prove up. Worked through the weekend, prepared a nexus expert, prepared all of its witnesses, shows up, you know, finally enters in some partial stipulations on Sunday night, comes to trial on Monday morning, and there's no defendant to be had. So under these circumstances, the defendant has not manifested acceptance of responsibility. If there are no further questions, I would ask the court to affirm the judgment and sentence. Thank you, counsel. Rebuttal. Counsel, do you agree that we're on plain error review? Plain error review, your honor. I thought that's what opposing counsel said. No. So, and that's actually the first point I want to make. Our primary argument is not a clear error argument. Our primary argument is that the district court committed legal error. And I think that's very clear at 2 ER 81 that the district court was defining contrition wrong. It said, to me, acceptance of responsibility is if someone comes in and says, I did it, I'm sorry, I want to get on with my life and I don't have any quibbles. But when someone comes in and says, I want to suppress, loses and then tries to dismiss and loses and then goes to trial and loses, that's not acceptance. So when the district court denied it, what was the response by defense counsel when the district court denied acceptance of responsibility? What was the response from defense counsel? Well, defense counsel had object, had indicated that this was an incorrect definition before. And then defense counsel tried to respond briefly for the record. And the district court would not allow them to respond again. So I think this is preserved. I don't think we're in plain error land. The government has not argued plain error. And that's a waivable issue. So the district court here, its statements make clear that it was defining contrition wrong. When it said, I don't see the contrition here, it's because it was applying the wrong standard. Now, the government... The standard for a showing of contrition, in your view... This court looks to objective evidence based primarily on the defendant's pre-trial conduct, including an offer to enter a conditional guilty plea, which Gambino-Rees does say is evidence of acceptance. What about the failure to show up for trial or refusal of transport to court? Yes, Your Honor. So that brings me to my second point. None of these are reasons that the district court gave for denying the adjustment. And this court said in Luong that... So Luong actually involved a failure to allocute, just like in this case. And the government cited that as a permissible reason to deny the adjustment. And what this court said at 992 was, while the district court clearly would have acted according to law by denying the adjustment for that reason, it did not state that it relied on that factor. So this court reversed and remanded for the district court to make that finding in the first instance. Here, Mr. Aguilera was sick. There's no reason to indicate that the district court did not believe that. He had no incentive to delay trial. He was asking for immediate release to be deported to Honduras. So he had no incentive to delay trial. And if this court has nothing else, I respectfully ask... I just want to ask, you're asking us to remand for the district court to reassess whether or not the acceptance of responsibility reduction should be granted. That's what you're asking us to do? Yes, so that the district court can apply the correct legal standard and then make that finding for itself. Because this is such a fact-specific inquiry. What is the legal standard that you would ask us to have the court apply? Simply the legal standard this court has reiterated over and over again since Vance. What is that standard? What is that standard? That acceptance of responsibility includes offering to enter a conditional guilty plea, includes going to trial only to preserve legal issues, which the guidelines recognize is permissible, and the fact that a defendant moves to suppress, moves to dismiss on a constitutional basis, and then exercises his constitutional right to a trial is alone not a reason to deny acceptance. But the district court could still look at all of the circumstances of this case if we remanded it, correct? That's absolutely right, Your Honor. All right. Thank you very much. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court. The next two cases on calendar
judges: RAWLINSON, SANCHEZ, Zipps